CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 28 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EDWARD LEROY MARSHALL, JR., | ) | Civil Action No. 7:16-cv-00057 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| AMHERST COUNTY CIRCUIT COURT, | ) | By: Hon. Jackson L. Kiser |
| Defendant. | ) | Senior United States District Judge |

Edward Leroy Marshall, Jr., a Virginia pretrial detainee proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 naming the Amherst County Circuit Court as the sole defendant. Plaintiff notes that he is a defendant in on-going criminal proceedings in that state court, and he asks me to order the state court to change venue, appoint "a new and effective" counsel, and seat a "fully-integrated" jury.

Federal courts must not interfere with pending state criminal proceedings absent extraordinary circumstances, which are not present here. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-70 (1898); Taylor v. Taintor, 83 U.S. 366, 370 (1873). A federal district court should abstain from constitutional challenges to state judicial proceedings, regardless of a claim's merits, if the federal claims could be presented in the ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52-53 (4th Cir. 1989). Furthermore, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits a federal court from enjoining the proceedings from which Plaintiff seeks relief. Moreover, a federal court lack jurisdiction to grant mandamus relief against state officials or state agencies. Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969). "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges

are fully competent to handle them subject to Supreme Court review." <u>Bonner v. Circuit Court of St. Louis</u>, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc). Accordingly, I find it is more appropriate for state courts to adjudicate Plaintiff's claims, and I dismiss the complaint without prejudice.

**ENTER**: This 28th day of March, 2016.

                                                                 Senior United States District Judge